**W. J. DIGBY, INC., Plaintiff,**

**and**

**Swift & Company, Monfort Packing Co., Foster Frosty Foods, Inc., Shurtenda Steaks, Inc., Lombardi Bros. Meat Co., Central Packing Co., Inc., and Cudahy Packing Co., Intervening Plaintiffs,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**and**

**Denver-Albuquerque Motor Transport, Inc., et al., Intervening Defendants.**

Civ. A. No. 9069.

United States District Court
D. Colorado.

April 25, 1966.

Herbert M. Boyle, Denver, Col., Michael T. Corcoran, Denver, Col., for plaintiff and intervening plaintiffs.

Lawrence M. Henry, U. S. Atty., Robert E. Long, Asst. U. S. Atty. for District of Colorado, Denver, Col., Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Department of Justice, Washington, D. C., for United States of America.

Robert W. Ginnane, General Counsel, Fritz R. Kahn, Associate General Counsel, Washington, D. C., for Interstate Commerce Commission.

Singer & Hardman, James C. Hardman, Chicago, Ill., and Jones, Meiklejohn, Kehl & Lyons, Edward T. Lyons, Jr., Denver, Col., of counsel, for intervening defendants Great Western Packers Express, Inc. and Milne Truck Lines, Inc.

Grant, Shafroth, Toll & McHendrie, Peter J. Crouse, Denver, Col., for Intervening Rail defendants and Santa Fe Trail Transportation Co.

Before LEWIS, Circuit Judge, and KERR and DOYLE, District Judges.

WILLIAM E. DOYLE, Judge.

Plaintiff herein seeks relief from a final order of the Interstate Commerce Commission denying its application for a certificate of convenience and necessity. Plaintiff is a trucking concern which had sought authority from the Interstate Commerce Commission to transport perishable commodities over irregular routes. Jurisdiction of the present action is based on Title 28 U.S.C. § 1336 together with the Administrative Procedure Act, Title 5 U.S.C. § 1009. A three-judge court was convened to try the case pursuant to Title 28 U.S.C. § 2325. Trial consisting of arguments on matters of law has been completed and the matter now stands submitted.

The order which we are called on to review adopted the report of the hearing examiner entitled "W. J. Digby, Inc., Extension—7 States, I.C.C. Docket No. MC-115826 (Sub-No. 12)." The report consisted of forty-two pages of findings and conclusions, which findings were entered following six days of hearings. The testimony included statements from numerous shippers on behalf of the application and of a lesser number of carriers against it.

The examiner carefully summarized the testimony of each of the witnesses and it is not necessary for us to do so here inasmuch as the specifics of the testimony of the individual witnesses do not enter into the present analysis and decision.

The numerous points of the plaintiff can be summarized in the following brief description of contentions. It maintains: *First,* that the commission failed to give proper weight to the testimony of the various shippers; *Second,* that the Commission failed to consider and weigh the tiff had to offer. *Third,* there are various special nature of the service which plainous miscellaneous arguments, such as failure to apply proper standards, failure to carry out the policies of the National Transportation Act, and failure to properly give effect to the facts. These latter are conclusionary and in each instance go back to the original points.

Digby is a Denver-based trucker who carries meats and packinghouse products. In 1955, it commenced the transportation of such products by a trailer exchange service from several Colorado points to destinations in Arizona and California. On the basis of an application which was filed on June 15, 1962, temporary authority to transport such commodities over various irregular routes was granted. This application sought authority to transport from Denver, Greeley, Colorado Springs and Pueblo in Colorado, to destinations in Arizona and California; also Montana, Nevada, New Mexico, Oregon and Washington. The application also sought authority to transport from Clovis, New Mexico, to Arizona and California. By the Order which is now before us for review, the Commission finally denied the application for permanent authority. The petition for rehearing or review challenged the denial of authority from the Colorado points and from Clovis, New Mexico, to points in California and Arizona. This petition was also denied. The rulings with respect to the right to haul from the Colorado points and from Clovis to points in Arizona and California are the subject of the present appeal. It is to be noted that Digby Company filed a sub-

sequent application which we are told duplicated the relief sought in the petition for review. W. J. Digby, Inc., Extension—California, I.C.C. Docket No. MC–115826 (Sub-No. 28). That report is now pending before the Commission. Apparently the examiner's report is generally favorable to plaintiff.

In the case at bar, the examiner found that the services offered by Digby were offered and available from other existing sources, although the shippers who supported plaintiff had not tried to take advantage of the service offered by these other carriers. Unquestionably, the intervening carriers offered evidence which supports this finding and conclusion. There is also substantial evidence in support of the finding that the Digby service was not so special or the demands of the supporting carriers were not so unusual so as to justify the granting of the authority. This matter is one which calls for Commission expertise and hence we would not be justified to conduct a pinpoint, faultfinding analysis. This case is very similar to other cases which have been before us. See Colorado-Arizona-California Express Inc. v. United States, D.Colo. 1963, 224 F.Supp. 894; Curtis, Inc. v. United States, D.Colo. 1964, 225 F.Supp. 894. In *Colorado-Arizona* we upheld the finding of the Commission that public convenience and necessity did not require the granting of authority under the circumstances there presented. The service which was there proffered was also specialized and involved perishables. It appeared, however, that there was, as here, substantial evidence to support the conclusion of the Commission that service was available through existing facilities or a combination of such facilities. Although the evidence of the shippers here is appealing it is not for us to say that the Commission is wrong in concluding that the proposed services would duplicate substantially present services and combinations of such services.

Plaintiff also maintains that the procedure for rehearing before the Commission is invalid. This contention is patently lacking in merit.

Finally, plaintiff has requested that we postpone this decision until the Commission has acted on the subsequent application. We have delayed the decision but it has not been by design. The press of other business has made it necessary. We must dispose of the present case in accordance with the record before us. On the other hand, this ruling should not be used directly or indirectly by the intervenors in an effort to influence the decision which is now before the Commission. That matter undoubtedly is based on peculiar facts presented to the examiner. Our decision here is limited to a review of the decision of the Commission in this case in the light of the facts which were here presented to the Commission. For the above reasons, it is

Ordered, that the relief prayed for be, and the same hereby is, denied. Accordingly the complaint in the above-entitled action will be, and the same hereby is, dismissed.